1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL NASH,                              No.  2:24-cv-02952-DAD-AC

12             Plaintiff,

13        v.                                    ORDER GRANTING DEFENDANT'S
                                                MOTION TO TRANSFER VENUE
14    HONEYWELL INTERNATIONAL INC.,
                                                (Doc. No. 10)
15             Defendant.

16

17         This matter is before the court on defendant's motion to transfer venue filed on May 30,

18    2025.  (Doc. No. 10.)  On June 2, 2025, the pending motion was taken under submission.  (Doc.

19    No. 11.)  For the reasons explained below, defendant's motion to transfer venue will be granted.

20                                      **BACKGROUND**

21         On September 18, 2024, plaintiff Daniel Nash filed this action in Placer County Superior

22    Court against his employer, defendant Honeywell International Inc.  (Doc. No. 3 at 5.)  On

23    October 25, 2024, defendant removed the action to this federal court pursuant to 28 U.S.C.

24    §§ 1332, and 1441, on the grounds that diversity jurisdiction exists.  (Doc. No. 1.)  In his

25    complaint, plaintiff alleges as follows.

26         Plaintiff has worked for Honeywell International Inc. d.b.a. Honeywell Aerospace

27    Technologies since 2015.  (Doc. No. 3 at 5.)  After the arrival of a newly appointed Vice

28    President, plaintiff's tenure was marked by increasing tensions.  (*Id.*)  Plaintiff announced his

                                               1

1   retirement, effective April 5th,[1] but agreed to extend his service until August 2nd to facilitate a

2   smooth transition. (*Id.*) During this extended period, the work environment became increasingly

3   hostile. (*Id.*) The Vice President's refusal to approve plaintiff's expense reports placed an undue

4   financial burden on plaintiff, making it difficult to fulfill his duties effectively. (*Id.*) On July

5   29th, plaintiff was abruptly terminated, purportedly for misuse of Honeywell documents found on

6   his personal email account. (*Id.*) Following his termination, plaintiff was subjected to significant

7   pressure including threats of criminal prosecution if he did not agree to sign certain legal

8   documents. (*Id.* at 5–6.)

9        Based on the above allegations, plaintiff asserts the following four California state law

10  claims in his complaint: (1) wrongful termination in violation of public policy; (2) constructive

11  discharge; (3) retaliation and adverse employment actions; and (4) failure to reimburse business

12  expenses in violation of California Labor Code § 2802(a). (*Id.* at 6–7.)

13       Defendant filed its pending motion to transfer venue to the District of Arizona on May 30,

14  2025. (Doc. No. 10.) On June 18, 2025, defendant filed a notice of plaintiff's non-opposition to

15  its motion. (Doc. No. 13.) On July 15, 2025, plaintiff filed an untimely opposition to defendant's

16  pending motion. (Doc. No. 21.) On July 25, 2025, defendant filed its reply thereto. (Doc. No.

17  22.)

18                                    **LEGAL STANDARD**

19       Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other

20  district or division where it might have been brought" for the convenience of parties and

21  witnesses and in the interest of justice. "[T]he purpose of [§ 1404(a)] is to prevent the waste of

22  time, energy and money and to protect litigants, witnesses and the public against unnecessary

23  inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal

24  quotation marks and citation omitted). "Section 1404(a) is intended to place discretion in the

25  district court to adjudicate motions for transfer according to an 'individualized, case-by-case

26  /////

27

28  ---
    [1] Plaintiff did not allege the year that his retirement was to become effective.

1    consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

2    (1988) (quoting *Van Dusen*, 376 U.S. at 622).

3            District courts employ a two-step analysis when determining whether to transfer an action.

4    *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 3:14-cv-01575-EMC, 2014 WL

5    2702894, at *3 (N.D. Cal. June 13, 2014).  "A court must first consider the threshold question of

6    whether the case could have been brought in the forum to which the moving party seeks to

7    transfer the case."  *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal.

8    2013); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining

9    whether an action 'might have been brought' in a district, the court looks to whether the action

10   initially could have been commenced in that district.")  "Once the party seeking transfer has made

11   this showing, district courts have discretion to consider motions to change venue based on an

12   'individualized, case-by-case consideration of convenience and fairness.'"  *Park*, 964 F. Supp. 2d

13   at 1093 (quoting *Stewart Org.*, 487 U.S. at 29).  In addition, "Section 1404(a) provides for

14   transfer to a more convenient forum, not to a forum likely to prove equally convenient or

15   inconvenient."  *Mainstay Bus. Sols. v. Indus. Staffing Servs.*, No. 2:10-cv-03344-KJM-GGH,

16   2012 WL 44643, at *1 (E.D. Cal. Jan 9, 2012) (citing *Van Dusen*, 376 U.S. at 645–46).  The

17   burden is on the moving party to show that transfer is appropriate.  *Commodity Futures Trading*

18   *Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979.)

19           "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors

20   in its determination whether transfer is appropriate in a particular case."  *Jones v. GNC*

21   *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  "The primary factors to be considered are

22   convenience of witnesses and parties and concerns for judicial economy (including duplicative

23   effort, waste of time and money)."  *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119

24   (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000).  Other factors include plaintiff's choice of

25   forum, administrative considerations, and the respective parties' contacts with the forum.  *See*

26   *Jones*, 211 F.3d at 498–99; *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).

27   /////

28   /////

1

**ANALYSIS**

2          At step one of the transfer analysis, plaintiff does not contest that his claims could have

3    been brought in the District of Arizona.  (Doc. No. 21.)  Consequently, the court moves to step

4    two of the analysis to conduct "an 'individualized, case-by-case consideration of convenience and

5    fairness.'"  *Park*, 964 F. Supp. 2d at 1093 (quoting *Stewart Org.*, 487 U.S. at 29).[2]

6    **A.          State Most Familiar with the Governing Law**

7          One factor the court may consider is "the state most familiar with the governing law[.]"

8    *Jones*, 211 F.3d at 498; *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571

9    U.S. 49, 62 n.6 (2013) ("Public-interest factors may include . . . the interest in having the trial of a

10   diversity case in a forum that is at home with the law") (citation omitted).  Here, plaintiff's claims

11   are brought pursuant to California state law, but defendant argues that Arizona state law applies

12   instead pursuant to California Civil Code § 1646 because plaintiff was required to live and work

13   in Arizona by the terms of the employment contract, and in fact did live and work in Arizona at

14   defendant's Arizona office until just before his termination, when he moved to California in

15   violation of his employment contract.  (Doc. No. 10 at 9–11.)  In his opposition, plaintiff does not

16   substantively respond to defendant's detailed analysis, instead merely stating in a single sentence,

17   without citation to any authority,[3] that his claims are brought pursuant to California law.  (Doc.

18   No. 21 at 4.)  Plaintiff does not contest that he worked in Arizona for defendant and that he

19   moved to California just before his termination.

20         Because plaintiff fails to substantively respond to defendant's argument that Arizona state

21   law is the applicable law despite the framing of plaintiff's complaint, the court finds that this

22   factor favors transfer of venue.  *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp.

23

24   [2] Because plaintiff's opposition was untimely, defendant's motion could be granted on this basis
     alone.  L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a
25   nonopposition to the motion."); *see also LFG Nat. Cap., LLC v. Gary, Williams, Finney, Lewis,
     Watson & Sperando, P.L.*, No. 11-cv-04538-PSG-PJW, 2011 WL 8311023, at *1 (C.D. Cal. Oct.
26   21, 2011) ("[T]he Court deems Defendants' failure to file a timely opposition to be consent to the
27   granting of the motion" to transfer venue.).

28   [3] In fact, plaintiff's opposition fails to cite any authority at all.  (Doc. No. 21.)

4

1  3d 995, 1005 (N.D. Cal. 2018) ("By failing to respond to the County's contention, Plaintiffs have

2  effectively conceded its validity."), *aff'd,* 953 F.3d 655 (9th Cir. 2020).

3  **B.      Choice of Forum**

4       "[G]reat weight is generally accorded plaintiff's choice of forum . . . ." *Lou v. Belzberg*,

5  834 F.2d 730, 739.  "If there is any indication that plaintiff's choice of forum is the result of

6  forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F.

7  Supp. 2d 1103, 1106 (N.D. Cal. 2001).  In addition, "a plaintiff's forum choice is given

8  substantially less weight when the central dispute in the action occurred primarily in another

9  forum and lacks any significant contact with the forum." *A.F.P. v. United States*, No. 1:21-cv-

10  00780-DAD-EPG, 2022 WL 2704570, at *5 (E.D. Cal. July 12, 2022).

11       Because plaintiff currently resides in this district (Doc. No. 21 at 1), the court finds it

12  unlikely that plaintiff has engaged in forum shopping. *Passantino v. Johnson & Johnson*

13  *Consumer Prods., Inc.*, 212 F.3d 493, 505 (9th Cir. 2000) (finding the defendant's concern that

14  the plaintiff relocated their home office to forum shop "fanciful" because the court "doubt[ed]

15  that many people would reorganize their entire lives by moving home offices to other judicial

16  districts in anticipation of as yet uncommitted acts of discrimination").

17       However, as stated previously, defendant contends, and plaintiff does not contest, that he

18  moved to California without permission and in violation of his employment contract shortly

19  before the end of his employment with defendant. (Doc. No. 10 at 3.)  Prior to that time, he lived

20  and worked in Arizona for defendant's Arizona office, and plaintiff's supervisors made their

21  decisions from Arizona.  (*Id.*)  Accordingly, the court finds that the central dispute in this action

22  occurred primarily in the District of Arizona and the dispute between the parties lacks any

23  significant contact with this forum.  The district court's analysis in *Sloan v. Pfizer, Inc.*, No. 08-

24  cv-01849-SBA, 2008 WL 4167083 (N.D. Cal. Sept. 8, 2008) is instructive.

25
26
27
28

> In September of 2005, Plaintiff relocated to California without
> seeking prior approval from Pfizer. . . . Defendant argues Plaintiff's
> employment with Pfizer began in New York, is governed by New
> York law, and that the events at issue (the alleged discrimination)
> happened in New York.  Plaintiff argues that many of the acts on
> which he bases his suit, including Defendant's cancellation of his
> disability benefits and the termination of his employment, occurred

5

> during the 18-month period Plaintiff worked for Defendant while living in California. . . . As Pfizer points out, although some of the acts upon which Plaintiff bases his claim occurred while he was
>
> residing in California, the acts complained of did not themselves take place in California, but in New York.

*Id.* at *1, *4. Accordingly, the court will give plaintiff's choice of forum little weight.

**C.    Convenience of Witnesses**

The convenience of the witnesses is often the paramount factor in ruling on a motion to transfer under § 1404(a). *A.F.P.*, 2022 WL 2704570, at *6. "Importantly, while the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Ironworkers Loc. Union No. 68 & Participating Emps. Health and Welfare Fund v. Amgen, Inc.*, No. 2:07-cv-05157-PSG-AGR, 2008 WL 312309, at *5 (C.D. Cal. Jan. 22, 2008). Likewise, the convenience of an employee of the party seeking transfer is "entitled to little weight" because that party "will be able to compel [the employee's] testimony at trial." *Jaco Env't Inc. v. Appliance Recycling Ctrs. of Am., Inc.*, No. 3:06-cv-06601-JSW, 2007 WL 951274, at *4 (N.D. Cal. Mar. 27, 2007). To show inconvenience for witnesses, "the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp.*, No. 2:11-cv-03153-LKK-DAD, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002)); *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("[a]ffidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony").

Defendant argues that two of the witnesses named in the initial disclosures for both parties work in Arizona for defendant. (Doc. No. 10 at 12.) In opposition, plaintiff argues that because these witnesses are employees of defendant, their convenience is entitled to little weight. (Doc. No. 21 at 3.) The court agrees with plaintiff and finds that this factor only weakly favors transfer of venue. *Jaco Env't Inc.*, 2007 WL 951274, at *4.

/////

/////

6

1   **D.      Location of Records and Evidence**

2          The location of evidence is not a significant consideration "because documentary evidence

3   related to this case can be reproduced and transmitted electronically to this court."  *A.F.P.*, 2022

4   WL 2704570, at *7; *see also Williams v. Robert Half Int'l Inc.*, No. 4:20-cv-03989-KAW, 2020

5   WL 12655622, at *3 (N.D. Cal. Sept. 18, 2020) ("[I]n the digital age, the access to records is

6   neutral given the portability of documents."); *Martinez v. San Diego Cnty.*, No. 1:16-cv-01140-

7   DAD-SKO, 2017 WL 1273822, at *4 (E.D. Cal. Apr. 4, 2017) ("Defendant San Diego County

8   does not allege that discovery in this case [will] implicate any unique types of information that

9   cannot be easily digitized or that any on-site inspections will be required in San Diego.").

10  Accordingly, the court concludes that this factor is neutral.

11  **E.      Local Interest in Having Localized Controversies Decided at Home**

12         Another factor the court may consider is the "local interest in having localized

13  controversies decided at home[.]"  *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6.  Defendant argues

14  that Arizona courts have a significantly stronger interest than California courts in addressing and

15  preventing wrongful employment practices by companies that employ and require their workers

16  to reside in Arizona.  (Doc. No. 10 at 11.)  Plaintiff argues that California has a strong interest in

17  resolving disputes involving its residents, particularly when the alleged wrongful acts impacted

18  someone working within its borders.  (Doc. No. 21 at 4.)  Because it appears undisputed that

19  during the vast majority of the time plaintiff was employed by defendant plaintiff lived and

20  worked in Arizona, and plaintiff was required to live in Arizona under his employment contract,

21  the court is persuaded that this factor favors transfer of venue to Arizona.  *See Machado v. CVS*

22  *Pharmacy, Inc.*, No. 13-cv-04501-JCS, 2014 WL 631038, at *5 (N.D. Cal. Feb. 18, 2014) ("The

23  Court acknowledges California's interest in adjudicating claims raised by its citizens.

24  Nevertheless, Hawaiians have a greater local interest because most of the alleged discriminatory

25  events occurred in Hawaii.  In addition, the outcome of this case may have implications for

26  employers and employees in Hawaii.  Accordingly, this factor weighs slightly in favor of

27  Defendant.") (citation omitted).

28  /////

**F.    Court Congestion**

The court may consider "the administrative difficulties flowing from court congestion[.]" *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6.  Defendant provides evidence that the median time from filing a civil case to trial is 64.5 months in this district and 36 months in the District of Arizona.  (Doc. No. 10 at 12.)  Plaintiff responds by arguing that there is no substantial difference in docket congestion between the Eastern District of California and the District of Arizona that would justify transfer.  (Doc. No. 21 at 4.)  Since plaintiff offers no countervailing evidence, the court finds that the degree of court congestion favors transfer of venue to the District of Arizona here.  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.").

**G.    Convenience of the Parties and Relative Contacts**

The "convenience of [the] parties" and "the respective parties' contacts with the forum" are also factors to consider.  28 U.S.C. § 1404(a).  Defendant argues that it is incorporated in Delaware and has its principal place of business in North Carolina, but the global headquarters for Honeywell Aerospace is in Phoenix, Arizona.  (Doc. No. 10 at 13.)  Further, defendant argues that Honeywell Aerospace employs 7,353 people in Arizona and only 1,895 in California.  (*Id.*)  As for the convenience to plaintiff, defendant argues that plaintiff's complaint is unclear about whether he is a resident of California or the Eastern District specifically.  (*Id.*)  In opposition, plaintiff argues that he resides in this district, and defendant has operations in both states.  (Doc. No. 21 at 1, 3.)  Further, plaintiff argues that Honeywell is a multinational corporation with significant resources.  (*Id.* at 3.)

The court's analysis in *DeFazio v. Hollister Emp. Share Ownership Tr.*, 406 F. Supp. 2d 1085 (E.D. Cal. 2005), where the defendant corporations resided in Illinois and the individual plaintiff resided in California, is instructive.

> The court may consider the physical condition and the financial strength of each of the parties. *Jones,* 211 F.3d at 499 (courts may look at the costs of litigation in the two forums).  As plaintiff points out, there is no indication that defendants suffer from financial constraints in defending this action and appear to have legal

8

1
2
3

> representation both in Illinois and in this district. Because a transfer here will merely shift any inconvenience from the defendants to the plaintiff, this factor must be weighed in plaintiff's favor. *See Van Dusen v. Barrack,* 376 U.S. 612, 646, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964).

4    *Id.* at 1090; *see also Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109,

5    1132 (C.D. Cal. 2009) (finding financial disparity between the parties relevant in considering the

6    convenience of the parties factor and noting that "[w]here a disparity between the parties exists,

7    such as an individual plaintiff suing a large corporation, the court may also consider the relative

8    means of the parties in determining whether to transfer") (citation omitted). Because defendant

9    Honeywell is a multinational corporation with employees located in both states, defendant does

10   not appear to suffer from financial constraints to the same extent as an individual plaintiff, and

11   transfer therefore would merely shift any inconvenience from defendant to plaintiff, the court

12   finds that these factors weigh against transfer.

13   **H.    Costs of Litigation**

14        The court may consider "differences in the costs of litigation in the two forums[.]" *Jones*,

15   211 F.3d at 498–99. "The parties have submitted little evidence on differences in litigation

16   costs[.]" *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 712 (N.D. Cal. 2020). Defendant does

17   not mention this factor in its motion, and plaintiff argues in his opposition that defendant has

18   greater access to resources. (Doc. No. 21 at 3.) In its reply, defendant argues that any physical

19   evidence and witnesses would be located in Arizona such that costs would be reduced if the

20   matter were transferred to the District of Arizona. (Doc. No. 22 at 8.)

21        The court finds both parties' arguments persuasive to some degree. *Ferrick v. Spotify*

22   *USA Inc.*, No. 15-cv-09929-BRO-RAO, 2016 WL 11623778, at *5 (C.D. Cal. Oct. 26, 2016)

23   (finding relevant to this factor the financial disparity between the parties); *Park*, 964 F. Supp. 2d

24   at 1095 ("Generally, litigation costs are reduced when venue is located near the most witnesses

25   expected to testify[.]"). Accordingly, the court finds that this factor is neutral.

26   **I.    Timeliness**

27        The court may also consider the timeliness of the motion. *Saleh v. Titan Corp.*, 361 F.

28   Supp. 2d 1152, 1168 (S.D. Cal. 2005); *see also Sam Kholi Enters., Inc. v. Comsys Servs. LLC*,

1   No. 11-cv-00970-W-NLS, 2011 WL 13257533, at *4 (S.D. Cal. Oct. 3, 2011) ("Other courts that

2   have considered the timeliness of a § 1404(a) transfer motion have done so as one of the several

3   factors analyzed in the interests of convenience and justice."). A district court may consider the

4   timing of a motion to transfer in relation to other developments in the case. *See Moore v. Telfon*

5   *Commc'ns Corp.*, 589 F.2d 959, 968 (9th Cir. 1978) (finding that the district court "justifiably

6   found" the convenience of the parties and witnesses "outweighed by other, more compelling,

7   considerations" including "the duration of the pendency of the litigation prior to the motion to

8   transfer"); *Savage*, 611 F.2d at 279 (finding that the district court did not abuse its discretion in

9   denying the defendant's motion to transfer where the "district court was familiar with the case");

10  *New Show Studios, LLC v. Howe*, 696 F. App'x 271, 272 (9th Cir. 2017)[4] ("Denial of Howe's

11  request to transfer venue was not an abuse of discretion because Howe unreasonably delayed in

12  seeking transfer . . . .") (citing *Allen v. Scribner*, 812 F.2d 426, 436 (9th Cir. 1987)); *Pratt v.*

13  *Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991) (denying the defendant's motion to transfer

14  because "[t]he fact that a preliminary injunction has already been issued in this action also

15  militates against transfer" and because "this Court [is] knowledgeable about the facts of the

16  case"); *Right to Life of Cent. Cal. v. Bonta*, 614 F. Supp. 3d 729, 733 (E.D. Cal. July 6, 2022)

17  (denying the defendant's motion to transfer where "the undersigned issued the TRO in this case"

18  and had already "engage[d] with the substantive issues presented").

19      Defendant filed the motion to transfer on May 30, 2025, seven months after it removed the

20  action to this court on October 25, 2024. (Doc. Nos. 1, 10.) Defendant argues that when the

21  motion was filed, little discovery had taken place apart from exchanging initial disclosures. (Doc.

22  No. 10 at 13.) In opposition, plaintiff acknowledges the early procedural posture of the case but

23  argues that this "means that no efficiencies will be gained by transferring it." (Doc. No. 21 at 4.)

24      "This factor is most compelling where a case nears trial or after extensive trial

25  preparation." *Sam Kholi Enters., Inc.*, 2011 WL 13257533, at *9. Because defendant's motion

26  was filed early in the litigation with the parties nowhere near trial, the court has yet to decide any

27

---

28  [4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    motions in this action, the parties had engaged in little discovery, and the motion to transfer venue

2    was filed months rather than years after defendant removed the action to this court, "the

3    timeliness of the transfer motion does not weigh against transfer."  *Id.*; *see also Lixenberg v.*

4    *Coogi Partners, LLC*, No. 17-cv-02537-MWF-MRW, 2018 WL 4850402, at \*5 (C.D. Cal.

5    Feb. 27, 2018) (granting the defendant's motion to transfer where "this action ha[d] only been

6    pending for a matter of months, not two years, before the Motion to Transfer was filed" and

7    where "no substantive motions [had been] decided").

8    **J.      Public Policy**

9          "[T]he relevant public policy of the forum state, if any, is at least as significant a factor in

10   the § 1404(a) balancing."  *Jones*, 211 F.3d at 499.  Plaintiff argues that California has a well-

11   established public policy favoring protection of employees and prompt resolution of employment

12   disputes.  (Doc. No. 21 at 4.)  However, California does not have a public policy favoring

13   protection of employees outside of California.  Instead, California has a public policy in favor of

14   "retaining jurisdiction over cases under the California Labor Code—specifically, to retain cases

15   involving an employee who 'primarily resides and works in California.'"  *Walters v. Famous*

16   *Transports, Inc.*, 488 F. Supp. 3d 930, 937 (N.D. Cal. 2020) (evaluating the enforceability of

17   forum selection clause) (quoting Cal. Lab. Code § 925).  Because plaintiff lived and worked in

18   Arizona during the vast majority of the time of his employment with defendant, this factor is

19   neutral.

20   **K.      Weighing the Factors**

21          Because Arizona is the state most familiar with the governing law, plaintiff's choice of

22   forum is accorded little weight, the District of Arizona is more convenient for the identified

23   witnesses, Arizona has a greater interest in having the local controversy decided at home, and the

24   District of Arizona is less congested than this court, and despite the convenience of the parties

25   and the parties' contacts favoring denial of transfer, the court will grant defendant's motion to

26   transfer venue to the District of Arizona.

27   /////

28   /////

11

1                                 **CONCLUSION**

2        For all of the reasons explained above,

3            1.      Defendants' motion to transfer venue (Doc. No. 10) is GRANTED;

4            2.      The court hereby TRANSFERS this action to the United States District Court for

5                       the District of Arizona;

6            3.      The court further orders the Clerk of the Court for the Eastern District of

7                       California in Sacramento to FORWARD all filings in this action to the United

8                       States District Court for the District of Arizona; and

9            4.      The Clerk of the Court for the Eastern District of California shall CLOSE this case

10                       upon completion of the transfer.

11        IT IS SO ORDERED.

12       Dated:    **December 16, 2025**                  

13                                             DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28